PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:22-CR-609-2 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FREDDIE SANCHEZ, | ) | |
| | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 83] |

Pending before the Court is the Defendant Freddie Sanchez's Motion *in Limine* (ECF No. 83), requesting that the Court redact portions of a recording from July 28, 2022, and that the Court forbid Detective Payne's testimony about information he received from a confidential source. The Government responded. (ECF No. 91). Having reviewed the record, the parties' briefs, and the applicable law, for the reasons provided below, the Court denies the Motion *in Limine*.

## I. Background

A grand jury returned a two-count Superseding Indictment charging Defendant Sanchez and another with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, and possession with intent to distribute a mixture containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. *See* Superseding Indictment (ECF No. 21).

In response to Defendant's objection to the Government's Notice of Intent to Introduce Evidence of Other Crimes, Wrongs, Or Acts Pursuant to 404(b) (ECF No. 63), informing that the

(1:22-CR-609-2)

Government intended to introduce a July 28, 2022, recording between a Confidential Source ("CS") and Jason Stanley, in which Stanley identifies Defendant Sanchez as Stanley's drug supplier, the Court ruled that the July 28, 2022 recording was admissible as *res gestae* or, in the alternative, under Rule 404(b). The Court limited the admissibility to show Defendant's knowledge, identity, and plan to distribute drugs that he received by U.S. mail. *See* 12/20/24 Order (ECF No. 69).

Now Defendant asks the Court to redact references made in that recording to him having been "in jail,"[1] arguing those references will unduly prejudice him before the jury. ECF No. 83 at PageID #: 519. The Government responds that the July 28, 2022, recording should not be redacted, because the "in jail" references are highly probative and not substantially outweighed by prejudice.[2] *See* Gov't Response in Opp'n to Def.'s Mot. In Lim. (ECF No. 91) at PageID #: 637.

Defendant also moves to preclude Detective Payne from testifying about information that he learned from a confidential informant on September 15, 2022, arguing that Detective Payne's testimony constitutes hearsay and violates the Confrontation Clause under the Sixth Amendment. ECF No. 83 at PageID #: 518, 520. The Government responds that Payne's anticipated testimony is not hearsay, nor a Confrontation Clause violation, because the Government does not seek to introduce the testimony for the truth of the matter asserted. Rather, the information is being introduced "to explain why investigators took steps to further investigate

---

[1] The recording references being in "jail" as does Defendant's motion. The Government, however, uses "incarceration" in its response. The connotations of each are different. Having been in jail is less stigmatizing than having been incarcerated.

[2] Later in its brief, the Government made a scrivener's error, asserting "any prejudice from the statement is not substantially outweighed by its probative value[.]" ECF No. 91 at PageID #: 638.

(1:22-CR-609-2)

[the] specific package." ECF No. 91 at PageID #: 641. The Government also pledged that it "will not offer any testimony that the source mentioned [Defendant] Freddie Sanchez." *Id*.

## II. Legal Standard

A motion *in limine* is "made before or during trial, to exclude prejudicial evidence before the evidence is actually offered." United States v. Walsh, 654 F. App'x 689, 693 (6th Cir. 2016) (quoting Luce v. United States, 469 U.S. 38, 40 n.2 (1984)). "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." United States v. Yannott, 42 F.3d 999, 1007 (6th Cir. 1994). A court should grant a motion in limine to exclude evidence when that evidence is plainly inadmissible. *See* Ind. Ins. Co. v. Gen. Elec. Co, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). If the court cannot determine whether certain evidence is clearly inadmissible, it should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context. *Id*.

## III. Analysis

### A. July 28, 2022 Recording

As stated above, the Court granted the Government's request to introduce a recording of a meeting between CS and Jason Stanley on July 28, 2022, during which Stanley identifies Sanchez as Stanley's drug supplier. ECF No. 69 at PageID #: 281. In that Order, the Court found the statements were made by a co-conspirator in furtherance of the conspiracy and, thus, admissible under Rule 801(d)(2)(E); that the recording satisfied Fed. R. Evid. 404(b); and was not violative of Fed. R. Evid 403.

As indicated above, to avoid the possibility of the jury being unfairly influenced, Defendant moves for a redaction (from the July 28, 2022, recording) of references to him having

3

(1:22-CR-609-2)

been in jail. Defendant argues that the Government need not use that part of the recording to identify him as a drug dealer, because in that same recording, Stanley identifies Defendant as his drug dealer. ECF No. 83 at PageID #: 519. Defendant also asserts that reference to him having been in jail is unnecessary because (a) the Government intends to call CS to testify, (b) CS' testimony is not *res gestae*, and (c) that it is unnecessary.[3] ECF No. 83 at PageID #: 519.

The Court finds that the "jail" testimony is admissible *res gestae* evidence, despite Defendant's contention that *res gestae* evidence "can 'easily be abused' and the importance for the district court to 'keep in mind both the scope of the changes and narrow purpose for which the *res gestae* exists." *See* ECF No. 83 at PageID #: 519 (citing *United States v. Brown,* 888 F.3d 829 (6th Cir. 2018)). Even if the evidence were unnecessary for identification, it is highly probative for establishing how Defendant's relationship with Stanley developed, and Defendant's motive, intent, and plan to interact with Stanley for the purpose of drug distribution. *See United States v. Toro,* 133 Fed.Appx. 181, 187 (6th Cir. 2005) (holding that the limited drug testimony on drug transactions between two Defendants before the beginning of the conspiracy was proper background evidence, because it was "necessary to show how [Defendant One] came to be acquainted with [Defendant Two] and how their heroin-dealing relationship began.") Additionally, that Defendant and Stanley were in jail "is a prelude to the charged offense" and is "inextricably intertwined with the charged offense[s]". *See United States v. Hardy,* 228 F.3d 745, 748 (6th Cir. 2000) (explaining that background evidence "is a prelude to the charged

---

[3] Defendant makes an assertion that the Court construes as an attempt to argue that CS' testimony is not relevant to the jury. *See* ECF No. 83 at PageID #: 519 ("This evidence . . . is not necessary for the jury to describe the narrative *i.e.* Sanchez is Stanley's drug supplier[.]") The Court rejects the notion that the CS' testimony is not relevant to the matter before the jury, for the reasons set forth herein.

4

(1:22-CR-609-2)

offense" or "inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense.")

The Court also finds that the probative value of Stanley's statement that Defendant had been in jail is substantially outweighed by its prejudice. That decision is made in consideration of the Sixth Circuit's holding that the probative value of a videotaped statement that referenced a defendant's prior incarceration did not substantially outweigh the prejudicial value. *See* United States v. Wesley, 417 F.3d 612, 621-22 (6th Cir. 2005). In *Wesley,* Defendant Donyal Wesley was charged and convicted of attempted bank robbery in violation of 18 U.S.C. § 2113(a). *Id*. at 614. Shortly before the trial, Wesley filed a motion *in limine* to redact from a videotape reference to him having gone to prison. *Id*. at 617. That passage stated,

> Yeah, I've been knowin' this brother all my life. *We went to prison together.* We did somethin' together. We got caught, we went to trial. Ain't nobody tell on nobody. You know what I'm sayin'? I ain't goin', hell, no. I ain't no fool.

*Id*. at 621(emphasis added). Wesley argued that the statements regarding him having gone to prison were improperly admitted under Fed. R. Evid. 404(b), and the Government argued that the statements were admissible background evidence. *Id*. at 621-22. The district court found those statements were *res gestae* of the attempted robbery, rather than "other acts" evidence under Fed. R. Evid. 404(b). *Id*. at 617. The district court also gave a cautionary jury instruction to reduce the danger of unfair prejudice. *Id*. at 622. Wesley appealed his conviction, arguing that the evidence was improperly admitted under Fed. R. Evid. 404(b), and that the evidence should have been excluded under the balancing required by Fed. R. Evid. 403. *Id*. at 622. The Sixth Circuit upheld the trial court's finding that the statements were not "other acts" evidence, because it was intertwined with the attempted robbery offense, but reversed and remanded, because the

5

(1:22-CR-609-2)

probative value of the evidence was substantially outweighed by the danger of unfair prejudice. *Id*. at 622.

Defendant Sanchez's case is distinguishable from *Wesley* because of the charges involved; the relevance and probative value of Defendant Sanchez having been in jail; the speaker of the statements; and the statement themselves. First, the defendant in *Wesley* was charged with attempted bank robbery in violation of 18 U.S.C. § 2113(a), whereas the Superseding Indictment charges Defendant with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, and possession with intent to distribute a mixture containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. Second, the information about Defendant having been in jail is necessary for the jury to understand how Stanley and Defendant came to know one another, explains why Defendant trusted Stanley, and Defendant's motive, intent, and plan to distribute illegal drugs. *See United States v. Al-Din*, 631 F. App'x 313, 323-24 (6th Cir. 2015) (rejecting defendant's argument that the admission of a letter he wrote was unfairly prejudicial because it disclosed his incarceration to the jury, and holding that *Wesley* was not controlling, because it was "not an instance where sufficiency of the evidence presents a close question.").

Additionally, in *Wesley*, the Sixth Circuit determined that "[w]hile the statements were relevant to show defendant's intent, it was hardly the only or the strongest evidence in that regard." *Id*. at 622. The instant case is distinguishable on that point, too. The Government bears the burden of proof and relies on the "jail" connection to explain the relationship between Defendant and Stanley. The exclusion of that evidence would prevent the Government from narrating to the jury the natural unsanitized events as they unfolded in the investigation. *See*

6

(1:22-CR-609-2)

United States v. Peete, 781 F. App'x 427, 433 (6th Cir. 2019).  More importantly, there are no better facts to establish the apparent bond between Defendant Sanchez and Stanley.

Finally, the statement in *Wesley* intruded directly to the question for the jury to decide. Wesley, himself, stated that he and another went to prison together, adding that they "did somethin' together[,]" because they "got caught, [and] went to trial.  Ain't nobody tell on nobody.  You know what I'm sayin?"  Wesley, 417 F.3d at 621.  In the instant case, Stanley explains how he and Defendant Sanchez met one another, their level of trust for one another, and how Stanley gave Defendant "like nine bands" and after receiving that money Defendant "was happy[.]"  ECF No. 91 at PageID #: 638.

For the above reasons, the Court denies Defendant's motion to redact certain portions of the July 28, 2022, recording.  The Court will issue a cautionary jury instruction limiting the use of the statement to the jury's consideration of how Defendant Sanchez and Stanley knew each other, and Defendant's motive, intent, and plan to interact with Stanley.

### B. Detective Payne's Testimony

Defendant Sanchez argues that the Court should preclude Detective Payne's testimony that a confidential source informed him that Defendant received a package in the mail but missed it when the post office tried to deliver it to his girlfriend's home at 3321 Estelle Avenue, because it is hearsay and violates the Confrontation Clause of the Sixth Amendment.  ECF No. 83 at PageID #: 520.

The Government contends that Detective Payne's testimony is not hearsay, because it is not offered to prove the truth of the matter asserted, but to show its effect on investigating officers.  ECF No. 91 at PageID #: 642.  The Government also argues that investigators used the tip to confirm that the United States Postal Service tried "to deliver a package addressed to 3321

7

(1:22-CR-609-2)

Estelle Avenue, but no one answered the door.  The Postal Inspector further confirmed that they were still in possession of the package, which ultimately resulted in inspectors using a drug detection K9 to sniff and alert to the package." ECF No. 91 at PageID #: 642.  The Government also rebuts the notion that the admission of Detective Payne's testimony results in a Confrontation Clause violation because the Confrontation Clause "has no application to out-of-court statements that are not offered to prove the truth of the matter asserted." ECF No. 91 at PageID #: 642.

      The Confrontation Clause of the Sixth Amendment bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." *Crawford v. Washington,* 541 U.S. 36, 53–54 (2004).  "To trigger a violation of the Confrontation Clause, an admitted statement must be testimonial in nature, and must be hearsay—that is, a 'statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" *United States v. Deitz*, 577 F.3d 672, 683 (6th Cir. 2009) (quoting *United States v. Gibbs*, 506 F.3d 479, 486 (6th Cir. 2007)).  The Sixth Circuit has held that "statements of a confidential informant are testimonial in nature and, therefore, may not be offered by the government to establish the guilt of an accused absent an opportunity for the accused to cross-examine the informant." *United States v. Cromer,* 389 F.3d 662, 670–71 (6th Cir. 2004) (punctuation added).  Additionally, the Sixth Circuit has held that "[t]he Confrontation Clause 'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.'" *Id.* at 676; *see also United States v. Gibbs,* 506 F.3d 479, 486 (6th Cir. 2007) (clarifying that "[t]he admission of a testimonial statement, however, does not necessarily trigger a violation of the Confrontation Clause."

8

(1:22-CR-609-2)

"A statement that is not offered to prove the truth of the matter asserted but to show its effect on the listener is not hearsay." Biegas v. Quickway Carriers, Inc., 573 F.3d 365, 379 (6th Cir. 2009). "Such a statement may be admitted to show why the listener acted as she did." United States v. Churn, 800 F.3d 768, 776 (6th Cir. 2015) (holding that the district court did not abuse its discretion in admitting an email, because the Government did not proffer the email for the truth of what was said, but to illustrate why the witness became suspicious and demanded verification from [defendant] about his work.")

While Detective Payne's testimony is testimonial, the Court finds that the testimony does not violate the Confrontation clause, because it is not being admitted to prove its truth.  S*ee* Cromer 389 F.3d at 673-74.  Therefore, it is not hearsay.[4]  Here, Detective Payne's testimony is used for background purposes *i.e.,* to establish how certain events came to pass, and why the investigating officers took the actions taken to confirm the attempt of the package's delivery and used a drug detection K9 to sniff the package.  Because Detective Payne's testimony is not hearsay, its admission does not result in a Confrontation Clause violation.  Therefore, the Court will not preclude Detective Payne's testimony.

---

[4] In *Deitz*, the Sixth Circuit affirmed the admission of an FBI agent's testimony that he received tips from an informant about the defendant, despite the defendant arguing that the testimony was hearsay, and resulted in a Confrontation Clause violation. 577 F.3d at 684. The Sixth Circuit determined that the admission of the FBI agent's testimony provided background information, and that the statement was not hearsay, and that the informant's statement were not material. *Id*. In *Cromer*, the Sixth Circuit upheld the admission of a police officer's testimony that a confidential informant, not called as a witness at trial, conveyed that drug sales had been made from a particular residence, and that an individual resembling the defendant was involved in the drug transactions. 389 F.3d at 673–74. The Sixth Circuit determined that the officer's testimony was admissible to the extent that it "alluded to" the confidential informant's statements for the background purposes of 'explaining how certain events came to pass or why the officers took the actions they did[.]" *Id*. at 676

(1:22-CR-609-2)

Defendant's Motion *in Limine* (ECF No. 83) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| March 9, 2025 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |